## FOLGER v. UNITED STATES.
### No. 1629.

United States District Court
D. Massachusetts.
Feb. 28, 1952.

FORD, District Judge.

Libelant in this suit seeks to recover against the United States as beneficiary of a war risk insurance policy on the life of Ellenwood Folger. The libel alleges that Ellenwood Folger died at sea on September 29, 1943 while in the employment of respondent as master of the S. S. Suffolk, a vessel operated by respondent by or through the War Shipping Administration and that his death was due to heart disease caused or aggravated by war experiences during such service. Respondent excepts to the libel on the ground that suit was not brought within the time required by statute.

The libel was filed on September 26, 1949, almost six years after the alleged date of death. Title 46 U.S.C.A. § 745, made applicable to suits on war risk insurance by 46 U.S.C.A. § 1128d, requires that suit be brought within two years after the cause of action arises, and thus appears to bar the present suit.

Libelant, however, argues that under certain circumstances § 1128e authorized the Maritime Commission to enter into agreements suspending the statute of limitations and that such an agreement, applicable to the present action, can be found in Article 22 of the official War Risk Insurance Policy, 8 F.R. 3460, which provides: "No action or suit upon this policy shall be valid unless commenced within two years from the time the insurance, benefits, or allowances conferred by this policy are payable, except that (a) an action or suit by the insured may be commenced at any time within two years after he returns to the United States or the termination of the present war shall have been proclaimed by the President, whichever first occurs, and (b), the time during which a person, other than the insured, is in enemy-occupied territory, shall be excluded from the two-year period as aforesaid."

 This section of the policy cannot be applied to the instant suit. Article 22(a) is not applicable since it refers only to suits brought by the insured, while this suit is brought by the beneficiary. Article 22(b) is the only part applicable to suits by persons other than the insured, such as the

John F. Cremens, Boston, Mass., for plaintiff.

George F. Garrity, U. S. Atty., Edward O. Gourdin, Asst. U. S. Atty., Boston, Mass., for defendant.

10

beneficiary who is libelant here, but there is no contention that libelant was at any time in enemy-occupied territory. Moreover, even if Article 22(a) were applicable to a suit by a beneficiary, this would not help the present libelant. The provisions of 46 U.S.C.A. § 1128e authorizing suspension of the statute of limitations were repealed by the Joint Resolution of Congress of July 25, 1947, c. 327, § 1, 61 Stat. 449, which contained the proviso: "except that any suspension of the statute of limitations heretofore provided for in an agreement entered into under the authority of such section shall continue in effect for the period provided in such agreement, but in no case longer than two years after the date of enactment of this joint resolution".

Exceptions sustained and the libel is dismissed.